IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | : | |
|---|---|---|
| **DEBORAH KEYES and REBECCA ROBBINS,** | : | CASE NO. 4:18-cv-3962 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **WOOD GROUP USA, INC. f/k/a WOOD GROUP MUSTANG, INC.** | : | |
| | : | |
| Defendant. | : | |

## ORIGINAL COMPLAINT

Plaintiff Deborah Keyes ("Keyes") and Rebecca Robbins ("Robbins") (together, "Plaintiffs"), through their undersigned counsel file this Complaint against Defendant Wood Group USA, Inc. f/k/a Wood Group Mustang, Inc. ("Defendant" or "Wood Group") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to the claims occurred within this district, and Defendant is headquartered in this District and conducts business in this District.

## PARTIES

2. Plaintiff Deborah Keyes is a Louisiana resident who was employed by Wood Group

1

as a non-exempt Field Clerk and paid according to Wood Group's day rate pay plan. From approximately September 2013 to March 2014, Plaintiff Keyes was employed by Defendant as an Inspection Services Field Clerk in Texas. Plaintiff Keyes previously consented in writing to bringing an action against Wood Group, which was filed on the docket on June 15, 2016. *See* Exhibit A, *Fenley v. Wood Group Mustang, Inc.*, No. 2:15-cv-326, ECF. No. 63-1, PAGEID #1020 (June 15, 2016 S.D. Ohio).

3.  Plaintiff Rebecca Robbins is a Michigan resident who was employed by Wood Group as a non-exempt Field Clerk and paid according to Wood Group's day rate pay plan. From approximately April 2014 to May 2014, Plaintiff Robbins was employed by Defendant as an Inspection Services Field Clerk in Ohio. Plaintiff Robbins previously consented in writing to bringing an action against Wood Group, which was filed on the docket on June 15, 2016. *See* Exhibit B, *Fenley v. Wood Group Mustang, Inc.*, No. 2:15-cv-326, ECF No. 63-1, PAGEID #1013 (June 15, 2016 S.D. Ohio).

4.  Defendant Wood Group USA, Inc. f/k/a Wood Group Mustang, Inc. is a subsidiary of Wood, PLC, which is a publicly-traded corporation operating throughout the United States, including in this District. Wood Group is incorporated in Ohio and maintains its corporate headquarters in Houston, Texas.

5.  Wood is an international energy services company that employs around 55,000 people worldwide. Wood's operations and services include, without limitation, "performance-driven solutions throughout the asset life cycle, from concept to decommissioning across a broad range of industrial markets, including the upstream, midstream and downstream oil & gas, power & process, environment and infrastructure, clean energy, mining, nuclear, and general industrial

sectors."[1]

6. Wood Group employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7. Wood Group's annual gross volume of business exceeds $500,000.

8. Wood Group is not an independently-owned and -controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## FACTS

9. Plaintiffs were employed as Field Clerks (a/k/a "Office Clerks") by Wood Group.

10. Wood Group classified Plaintiffs as "Non-Exempt Day Rate" employees.

11. Wood Group paid Plaintiffs on a day rate compensation basis. Plaintiffs were paid a set amount for each day they worked.

12. Plaintiffs performed their work for Wood Group in a trailer at the field site.

13. Plaintiffs' primary job duties included handling routine paperwork and other clerical tasks.

14. Each day, Plaintiffs provided inspectors with forms and collected them at days' end; they collected, copied, compiled, and emailed timesheets and daily reports; they relayed instructions and information regarding safety meetings to inspectors; and they compiled permits, pictures and other project-related matter into a book. In addition, Plaintiffs entered data into computer, including onboarding data.

---

[1] *See* "Wood at a glance", *available at* https://www.woodplc.com/who-we-are/about-us (last visited October 17, 2018).

3

15. Plaintiffs' work was clerical, not managerial, in nature. They did not supervise other workers or have the authority to hire, fire or discipline other employees.

16. Plaintiffs were not required to exercise discretion and independent judgment with respect to significant matters.

17. Plaintiffs' work did not require advanced knowledge in a field of science or learning.

18. Plaintiffs estimate that they worked between 84 and 98 hours per week during each week that they worked for Wood Group. Specifically, Wood Group required that Plaintiffs be on site every day before the inspectors arrived (around 5 a.m.) and stay until the inspectors finished their daily work and all documents had been collected (between 5 and 7 p.m.).

19. Wood Group does not maintain accurate records of the hours that Field Clerks work, in violation of the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

20. Wood Group knows its Field Clerks regularly work more than 40 hours in a week. Nevertheless, Wood Group did not pay Plaintiffs overtime compensation for hours worked over forty (40) per workweek.

21. Wood Group has acted with at least a reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiffs for hours worked in excess of forty (40) during the workweek.

22. Wood Group knew or should have known that Plaintiffs were not exempt from the FLSA overtime requirements.

23. As a subsidiary of a publicly traded company that has access to human resource

4

expertise and legal counsel, there can be little doubt that Wood Group has personnel to advise it on its FLSA and state law compliance obligations, yet it failed to properly classify or pay Plaintiffs.

24. Wood Group had an affirmative obligation to assure compliance with the FLSA, and failed to do so by failing to pay Plaintiffs overtime compensation.

25. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies reclassified their daily rate workers to come into compliance with the FLSA. Wood Group, however, did not do so.

26. Moreover, Wood Group has been litigating similar lawsuits challenging its day rate compensation system since February 2015. *See, e.g.*, *Fenley*, No. 2:15-cv-326 (S.D. Ohio). Wood Group has actual notice of complaints about its payment policies.

## COUNT I
## VIOLATION OF THE FLSA
### (On Behalf of Plaintiffs Keyes and Robbins)

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

29. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

30. Wood Group's compensation scheme applicable to Plaintiffs failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

31. Plaintiffs are not exempt from the overtime requirements of the FLSA.

32. Wood Group acted knowingly and/or with reckless disregard of the rights of Plaintiffs in failing to compensate Plaintiffs at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

33. During all relevant times, Plaintiffs were covered employees entitled to the above-described FLSA protections.

## JURY TRIAL DEMANDED

34. Plaintiffs demand a trial by jury for all issues of fact.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiffs seek the following relief:

A. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

Dated: October 22, 2018                          Respectfully submitted,

/s Sarah R. Schalman-Bergen
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market St., Suite 3600

                                                Philadelphia, PA 19103
                                                Telephone: (215) 875-3000
                                                Facsimile: (215) 875-4604
                                                scarson@bm.net
                                                sschalman-bergen@bm.net
                                                apiazza@bm.net

                                                *Attorneys-In-Charge for Plaintiffs*